ZAHRA, J.
(concurring). I agree with the lead opinion’s holding that IBM was entitled to use the Compact’s elective three-factor apportionment and allocation formula for its 2008 Michigan taxes. I also agree with both the lead opinion and the dissenting opinion that the tax bases at issue here are “income taxes” within the meaning of the Compact. Whether the Legislature repealed the Compact’s election provision by implication when it enacted the BTA is a very close question. I would not reach that question because the Legislature made clear that taxpayers are entitled to use the Compact’s election provision for the 2008, 2009, and 2010 tax years.
Assuming that the Legislature impliedly repealed the Compact’s election provision in 2008 by enacting the BTA, IBM could nonetheless avail itself of the Compact’s election provision for tax years 2008 through 2010 because the Legislature, in 2011, clearly intended to provide multistate taxpayers the benefit of the Compact’s election provision for these tax years. Specifically, on May 25, 2011, the Legislature necessarily re-enacted all the provisions of the Compact, and ordered that act to take immediate effect.[1] MCL 8.3u provides that
*669 [t]he provisions of any law or statute which is re-enacted, amended or revised, so far as they are the same as those of prior laws, shall be construed as a continuation of such laws and not as new enactments. If any provision of a law is repealed and in substance re-enacted, a reference in any other law to the repealed provision shall be deemed a reference to the re-enacted provision.
Pursuant to this provision, we must construe the Compact as though it had not been impliedly repealed.[2]
That said, the BTA’s exclusive apportionment method remains in conflict with the election provision of the Compact. This conflict, in my view, is easily resolved because the Legislature in 2011 also expressly supplemented the Compact. This new provision is not “the same as those of prior laws” and is a “new enactment,” which expressly provides that a taxpayer could elect to apportion its income under article IV of the Compact
except that beginning January 1,2011 any taxpayer subject to the Michigan business tax act, 2007 PA 36, MCL 208.1101 to 208.1601,';br the income tax act of 1967, 1967 PA 281, MCL 206.1 to 206.697, shall, for purposes of that act, apportion and allocate in accordance with the provisions of that act and shall not apportion or allocate in accordance with article IY[3]
There can be no dispute given this language that the Legislature specifically intended to retroactively repeal the Compact’s election provision beginning January 1, 2011. Further, I conclude that this language contemplates that any taxpayer could avail itself of the Compact’s election provision for tax years 2008 through 2010. This is because the Legislature, either under the *670 original enactment of the Compact[4] (assuming the Legislature did not repeal the Compact’s election provision by implication when it enacted the BTA) or under the above re-enactment and supplementation of the Compact[5] (assuming the Legislature repealed the Compact’s election provision by implication when it enacted the BTA), chose to commence its express repeal of the Compact’s election provision on January 1, 2011, even though the conflict between the BTA and the Compact had existed from the 2008 tax year. Simply put, the contrapositive of the Compact’s supplemental provision must mean that before January 1, 2011, a taxpayer could, “for purposes of that act [the ITA or the BTA], apportion and allocate in accordance with the provisions of [the ITA or the BTA] and [may] apportion or allocate in accordance with article IV” of the Compact. This is, in my opinion, the most reasonable understanding of this legislation.
In sum, the Legislature in 2011 created a window in which it intended the Compact’s election provision to apply. In this case, IBM sought to “apportion and allocate” its taxes under the BTA well before January 1, 2011, and therefore may apportion or allocate its taxes in accordance with article IV of the Compact. For this reason, I concur in the result reached in the lead opinion.

 2011 PA 40.

 See also 1A Singer, Sutherland Statutory Construction (7th ed), Repeal and Reenactment, § 23:29.

 2011 PA 40.

 1969 PA 343.

 2011 PA 40.